The first is number 15-2622 Rosenberg et al. v DVI Receivables XVIILLC et al. Mr. Pepperman and Mr. Levitt. Whenever you're ready. Thank you, Your Honor. May it please the Court. My name is Louis Pepperman. I'm with the law firm Stark & Stark. I'm here on behalf of the appellants, more specifically Sarah Rosenberg, the Douglas Rosenberg 2004 Trust, and then eight other limited partners that are noted as appellants. We represent all of the appellants. So this is purely a matter of law? Yes. 303I. So occupy the field that a non-debtor can bring a state court action? Correct. Correct. Do you wish to reserve any time for rebuttal? I apologize. I would suggest four minutes. That's fine. Whatever works for you. Thank you. And the Ninth Circuit got it wrong? We certainly think so, Your Honor. And the reason is? Well, when we look at the analysis of the Ninth Circuit and the district court, our feeling is that, in essence, they took the idea of preemption, and what we think is the presumption that preemption is, over a state law issue, over a state law matter, is not something to be favored. We think the Ninth Circuit and the district court took a reverse approach and, in essence, maybe not explicitly said, but based upon the reasoning, they went ahead and they favored preemption, taking a look and saying, well, we really can't find where Congress has explicitly said anything that would show that. And they rely on field preemption? Yes, they do. They do, but in talking about field preemption, there's nothing specifically to point to the fact that it should be applicable in this case. In this case, we're dealing with the parties, with the appellants here, that are all non-debtors that weren't involved in the underlying bankruptcy case. And most important, all of these individuals would be left without remedy. Will you be without a remedy in any event because of the statute of limitations? I don't believe so. Can you explain to me, if this has to go back, I understood your reply brief to say, well, we couldn't have filed earlier because we had to wait for the bankruptcy court to rule. Did I understand you right? That's correct. Can you describe for us another circumstance where a state law action requires waiting on a federal court's determination before you can move? Well, I'm not sure, and maybe I'm splitting hairs too far in here, necessarily on a federal court decision, but on the very decision that the case was properly dismissed. Had we brought the case earlier, I'm sure we would have been subject to a motion to dismiss that case. Well, maybe. I mean, that's guesswork. But the fact is you didn't bring it, and you say you didn't bring it because you had to wait for the federal court. And I'm wondering, does that imply anything about your argument regarding the Miles case? If you think you need to wait on a federal court's determination of federal law, is it in fact the case that the field is preempted? I don't believe so. I believe they're two separate things. The waiting is because Pennsylvania law talks about when the cause of action arises, and that is not until you have a situation where the actual damages have occurred. The cases talk about until the action could be maintained. Another point made in the Pennsylvania case is on statute of limitations. Let's start at the beginning. Is it Pennsylvania or Florida law that applies with regard to the statute of limitations? It's my understanding Pennsylvania. So you think it's Pennsylvania. So what is the statute of limitations of Pennsylvania normally? Two years. And when did this limitations clock, you say, begin to run? From the time that there was an affirmation by the 11th Circuit of the dismissal of the bankruptcy petition, that's when it would have started to run. But you allege damages that occurred, loss of, you know, quite a bit of money. But did that occur before the 11th Circuit made its decision? Well, being an appellate counsel, I mean, I have to step back for a second and say to the court that this was a 12B6 motion. Okay? So the court below, which did not decide this particular issue, this was not decided by the court below. This was not raised by us on appeal. Okay? And I believe the reason it was not. If it's legitimate, statute of limitations is a defense, and it seems like it's at least on its face has some validity. The question is who knows whether it succeeds or not. Maybe we just deal with it on remand if we were to rule in your favor. But the question is when did Mrs. Rosenberg suffer a loss that was alleged in the complaint? Well, first of all, I believe that's a very fact-sensitive issue. Understood. It is a fact. When did she suffer a loss? I believe, according to Pennsylvania law, that would not occur until her rights were ripe, which would not be until there was a determination that the dismissal, it's probably the period of appeal after the 11th Circuit dismissed. What did the 11th Circuit decide? It affirmed the dismissal of the bankruptcy petition. In other words, your position is until there was the resolution on appeal of the judicial determination that the filing had been in bad faith, she didn't have a cause of action. Is that what you're suggesting? That is correct. And when did the 11th Circuit decision, what was the date of it? I don't have the exact date, but I know that that decision, okay, and the filing of our client's complaint were within two years. July 6, 2012. That sounds like it is correct. And you filed when? Within two years of that date. Okay. Going back for a moment to the whether there is appeal preemption, I mean, most of the case law, including the Ninth Circuit, which has been mentioned, goes the other way. So what is the reasoning that you have for getting precedents? What's the reasoning that you have as to why field preemption should not occur here? Well, because I think 303 Section I deals with an issue dealing with a debtor, a debtor in bankruptcy. The Sarno Court, which is the appellate division case from Illinois, 1992, I think said it best where it said since Section 303I of the Bankruptcy Code awards damages to the debtor, only the debtor is subject to preemption, not a third-party non-debtor. The cases cited the other way to say there should be preemption, okay, are talking about a debtor or perhaps other parties that might have a remedy under the Bankruptcy Code. Generally put, okay, to have preemption in this type of case would say that anyone outside the case that's not involved in the bankruptcy, that was not a debtor, that was harmed as a result of this bad faith filing would never have a remedy because they'd have no remedy under the Bankruptcy Code. They'd have no remedy anywhere else. So respectfully, my view is that if Congress intended this to be an exclusive remedy and to put the other parties outside and say if this happens, if there's a bad faith filing, you can never recover anything, there would have been something explicit in the statute. Well, doesn't Judge Roof say that it was a deliberate omission? But I don't believe if you look at the legislative history or anything that we've seen that's been put forth to show that there was an omission. Well, historically it's been thought that, I mean, it's in the Constitution, right? The Ninth Circuit goes out of its way to say the framers expressly grant Congress the power to establish uniform laws on the subject of bankruptcies. This is something from the beginning, the founding of the Republic, that it was thought this was going to be uniform across the United States. What do you point to to indicate, well, this is an exception to that uniform field preemption? In this area, the state law was meant to be still in play. Well, I think it's looking at the whole concept of preemption and is the thought that we favor preemption and we're going to look to find preemption or that it's disfavored and that we must seek congressional intent in order to have preemption. I certainly think it's the case that it's disfavored and that you must show congressional intent and there's nothing, there's nothing in the legislative history, there's nothing in the statute to show that in this type of case there should be preemption. While I do understand the Bankruptcy Code is a body in and of itself, certainly not every single state court claim that in some way may impact the Bankruptcy Code is not in and of itself preempted. From everything that I understand, there's preemption where there's an impact. There is no impact as a result of preempting the state law in this case. Well, we'll hear from Mr. Levitt and then we'll get you back on rebuttal. Thank you. May it please the court, Peter Levitt, my partner Jack McElroy, representing the appellees. What kind of preemption are we talking about? I think is it express, field, or conflict? Field preemption. Field preemption. And so if you, the foundational principles are do you have a, and that was noted in Judge Schroeder's opinion that Judge Jordan was on the panel in 2012, are do you have congressional purpose? It must be clear and manifest. And secondly, there's a presumption, and maybe it should be first, presumption against preemption. So you've really got to show, you've got to clear some hurdles to have the type of preemption here. What helps you clear those hurdles? Forget whether it's miles. I'm talking about reasoning now. Thank you, Judge. The bankruptcy statute is a unique statute. It's extremely comprehensive in scope. It creates a whole set of specialized courts to administer the bankruptcy laws. As has been mentioned earlier, the concept of uniformity in the bankruptcy system is enshrined in the Constitution. Let's start with the text. Does it mention non-debtors? It does not. There's nothing in the statute that specifically mentions the rights of non-debtors, except there is a provision that a non-debtor party can intervene in an involuntary bankruptcy case and seek the appointment of a trustee if necessary to protect the business. But there's nothing that says, as you just pointed out, that doesn't speak to third-party rights outside the bankruptcy context. And we wouldn't expect that, right? The bankruptcy code is meant to preempt and deal with the relations between debtors and creditors, but this is not a debtor and this isn't a creditor. So by definition, isn't this the sort of thing which we would expect to be outside the code? We wouldn't be surprised by that. To some extent, yes. To some extent, no. It does deal primarily with the relationship of debtors and creditors. However, compare the automatic stay provision, 362K. That provision says that any person injured by a violation of the stay may sue for damages. It's extremely broad. Congress knew how to provide a remedy to third parties. Any person when they wanted to. That's precisely the point. They knew how to provide a remedy, and you would think, wouldn't you, that if they were going to deprive people of remedies that they would say something about that, that they wouldn't silently leave people in the position that the Miles case leaves them in, which is, yeah, you were wrong. Now you've got a judicial finding that you were wrong, that these people acted in bad faith and deliberately destroyed your interests and your contractual relations and deprived you of your rightful use of property and relationships that would bring you money. We've got a judicial finding that these are bad actors, and you're saying that the bankruptcy code is meant to say you have no remedy. None. Is that really the sort of thing Congress would do with not nary a word about it? Two answers. Firstly, there's a judicial finding that the involuntary was not authorized. There was a jury trial case in Miami, and the district court determined that there were no economic damages to the debtor. You've got a finding of bad faith. You can't walk away from that, right? I understand. That is solid on the record. There's a bad faith finding. The jury found bad faith. We have an appeal in the 11th Circuit. Didn't you lose your appeal with respect to whether this involuntary bankruptcy was improper? We lost it with respect to the issue of whether the statute was complied with as a technical matter. Okay. You can dress it up however you want, but at the end of the day you've got a final finding by a court that says your client improperly filed involuntary bankruptcy. So that's the background. I've made it a little more dramatic for purposes of the question, but that's to try to heighten the point that I want you to speak to, which we're getting from the other side, which is Congress never would have said under circumstances like this, send people packing without saying anything explicit about it. So what's your answer to that? My answer to that is that if you look at the involuntary bankruptcy provisions, they're extensive. They're comprehensive. They do deal with the rights of third parties. They have the right to appoint a trustee. They do deal with the rights of additional creditors who can come in and join the petition. It's very comprehensive. Does that work for you or against you? I mean the 9th Circuit says we do not hold that all state actions related to bankruptcy proceedings are subject to complete preemption. They recognize that the bankruptcy code doesn't preempt the whole field. So why should we say in this instance it does preempt the whole field? We don't argue that the bankruptcy code as a universal matter preempts all state law. We argue that in the case of involuntary bankruptcy, the provisions are comprehensive. They do deal with the rights of multiple parties, and the clear implication is that Congress decided not to create remedies for third parties, as it did in other sections of the code, like 362, the state violation. Now the reason for that is there's a Silkwood case that you ought to respond to, because the 9th Circuit doesn't even mention anything about the presumption against preemption. So I'd be interested in your take on this. Judge, you're referring to the Sarno case? No, Silkwood v. Kerr-McGee. It's a 1984 case, a pretty famous case. I made a movie about it. So the court said silence takes on added significance in light of Congress's failure to provide any federal remedy for persons injured by such conduct. Different conduct than it's at issue here. Does the silence on this issue, you're arguing that the silence on this issue works in your favor. The Supreme Court has said when Congress doesn't provide a remedy for a wrong, silence actually ought to run the other direction. What's your response? Especially when there's a presumption against preemption. Yes, there is. My response is this is a very unique situation. You have the Constitution mandating uniform laws. You have Congress enacting a comprehensive scheme unlike any other, specialized laws, specialized courts. The statute took ten years, the 1978 Bankruptcy Code, was ten years at least in the making. Not quite. The last three years were the ones. The National Bankruptcy Conference suggested something in 1973, and ultimately it was drafted through 1975 through 1978. Yes, Judge. It was talked about, but it really wasn't drafted in ten years. You're correct, Judge. But my point is that based on the comprehensive nature of the Act, this is probably the strongest case for field preemption that you could possibly find. Let me ask you this. The majority of cases would support that if you're a debtor, there's preemption. Do you agree with that? Majority of cases. Let's say if you're a debtor, not a non-debtor, is there preemption? Because 303I says debtor. Clearly for the debtor, there'd be no question. Then you have, from this circuit, never questioned Paradise Hotel from 88, which says that there is no preemption of state law remedies under 303I for debtors. Judge, Paradise Hotel is an interesting case. It doesn't even discuss federal preemption. If you read the case, it's not even clear that federal preemption as a concept was specifically argued. I couldn't find the word preemption mentioned in the decision. The focus was on whether 303I provided an exclusive remedy, and the Court found that based on the unique facts in that case, the case really wasn't a Chapter 7 involuntary. It began that way. It was converted through the filing of a Chapter. We declined to hold that 303I is an exclusive remedy in a situation. You're right. So if they refuse to hold that as exclusive remedy, that means that there have to be other remedies and nothing stops those other remedies. That's for a debtor who's mentioned in 303I. Isn't it even all the more so for a non-debtor who is not mentioned in 303I? The thing is, you have to overcome a hurdle. You have to get up the hill. How do you do that? Let me overcome the hill. If you read Paradise, it was based on a unique situation where you had a conflict within the statute, and the Court said it isn't right to make somebody give up these claims by converting, exercising their statutory right to convert to a Chapter 11 case, which is what happened here. The Court was resolving an intra-statute dispute. It's very, very unique facts, and it should be limited to the facts. When you say very unique facts, wasn't the underlying rationale that it was wrong to make the debtor choose between exercising the Chapter 11 right or being left without a remedy? I mean, the concern was if it's an exclusive right, you're going to be left without a remedy. That's what's driving Paradise Hotel, isn't it? That was one of the things that was driving it. Okay, so if that is the concern with respect to the debtor, who is, as noted by Judge Ambrose, explicitly being mentioned and dealt with in the statute, how much more should it be the concern for parties that aren't mentioned in the statute and will be left by the definition that you're pressing on us, no remedy at all? The problem with that is that you could never have field preemption any time you concluded that the statute didn't cover somebody's rights or didn't provide a remedy for some violation for somebody. And there is no statute on Earth that's ever been drafted that is that comprehensive. You could definitely have field preemption. You could have field preemption because you could have Congress speaking more clearly to the issue. You could have something in text or text bolstered by legislative history, if one is inclined to look at legislative history, that would indicate that, yes, in this instance we fully intend for all state rights and remedies to be set aside, but the presumption is actually emphatically and strongly in the other direction. So when Congress is silent, why would that presumption not hold true in this instance? Because the Constitution mandates uniformity in the bankruptcy laws. And what will happen if you find that there is no preemption, you will have a multitude of state court cases brought by any creditor of an involuntary debtor or a voluntary debtor where they're going to state court and they're asking the state court to make decisions about whether it was a proper bankruptcy filing, did it comply with the code, was there good faith, what are the damages. Can that happen right now? Can that happen outside the Ninth Circuit right now? In the Seventh Circuit where the Sarno Court as a state court sits, can that happen right now? The Sarno Court is the only decision that I saw that was an Illinois intermediate state court decision. Are you implying there's going to be a floodgate problem there? Is there a flood of state law claims? There isn't, but the majority of cases have said there is federal preemption. And the problem here is, and I think the Miles Court pointed this out, Congress wanted to have a procedure where all rights were resolved in the bankruptcy court and they didn't want to have third parties bringing collateral proceedings that might be at odds with what was going on in the bankruptcy court. If that's what Congress wanted, they could have said it. What I think really happened is no one thought about non-debtors. But Judge, how do you address the 362K where Congress was specific that any party injured by a state violation, and the court knows that there are numerous federal statutes... Why don't you finish? 362K says what? I would like to address, if I can, I'm running out of time, the statute of limitations issue. This case should have been decided and could have been decided on those grounds, and this court can affirm on grounds raised below... Is this for us to decide or is that really to be decided on remand? It's for you to decide because the record has sufficient information about statute of limitations. The arguments were made below, and frankly, it's a no-brainer. This lawsuit was brought nearly five years after the filing of the involuntary bankruptcy cases and four years after they were dismissed. But speak, if you would, Mr. Lloyd, specifically to your opposing colleague's argument, which is we didn't have that cause of action until we had in hand the bad faith. Judge? No. There was absolutely no case law to support the notion that while there is an appeal pending, the statute of limitations is told or suspended. It's a two-year statute of limitations under Pennsylvania law for tortious interference. They have not cited a single case that says it's told by the pendency of an appeal. The complaint itself is replete with allegations about how the filing of the petition itself caused injury. It says multiple times that the filing caused defaults under other loan agreements. They even allege that they lost the insurance benefits in 2010. That's outside the statute of limitations. You have an obligation under the Supreme Court's precedent in the Twombly and Iqbal case to review the complaint, and you have the right to decide something based on the face of the complaint. And this is just clear and simple. We wish Judge Roof had addressed it. She could easily have. They only filed this case after Mr. Rosenberg lost the ability to bring certain damages claims in Miami. Then they decided to bring this case. That was too late, and the court, if the court doesn't affirm our preemption, it should affirm on alternative grounds statute of limitations. Thank you very much. Thank you. Mr. Peppermint. When did Mr. Rosenberg file his action? I do not have the specific date. But it was before? Yes, it was. It was prior. So why did he, roughly when did he file? I'm not sure of the timeline, but in terms of Why was it before 2010, before the July 6th opinion of 2012 of the 11th Circuit? When did he file? I can get that specific answer for you, Your Honor. I guess the relevant point for you to speak to is how is it okay, how is it that he had a cause of action and could go to court and vindicate it before this whole legal process wound to completion, but that third parties didn't? How come there's a difference there where you say, oh, he could file, but we had to wait for third-party rights? Well, I guess the advantage and the disadvantage of being appellate counsel is only looking at the specific record. And we're only looking in terms of our clients. Whether Mr. Rosenberg could have, should have filed at the earlier date, whether there was an issue with the cause of action at that point, that is not something that we've looked at. It's not something we've dealt with. We weren't trial counsel. We haven't addressed. But what we've looked at is the fact, okay, that in this particular case, our clients who are the non-parties, the non-debtors, not involved in the bankruptcy, their cause of action would not accrue until such time as there was finality. So whether or not there was an issue with Mr. Rosenberg. Well, that's the specific question I guess we're trying to get you to answer. You're saying it wouldn't have accrued until finality. And Mr. Levitt is saying, well, that's just not so. Mr. Rosenberg, he brought his claim earlier. There's no material distinction between what he's claiming in the way of being victimized by bad faith and voluntary filing and what the third parties are claiming. So, you know, good for goose, good for gander. Why is he wrong? Well, all I can say, Ronnie, is Mr. Rosenberg, okay, is not our client. Okay, he's in. Well, I understand that, but that's not addressing the legal point. Your assertion earlier was your client couldn't have brought it sooner. They're pointing out Mr. Rosenberg did bring it sooner. And I guess I'm trying to press you for a legal answer. If you don't have one, that's all right. But how come he could do it and they couldn't? What's the distinction you rely on? Since I wasn't involved, our firm wasn't involved in that part of the case, okay, perhaps there was a defense at that time, okay, that his claims were premature. Okay, I don't know. I don't know if that was raised. I don't know if there was a motion on that issue. Well, he filed a matter, an adversary proceeding in the bankruptcy court in the Southern District of Florida and ultimately filed a counterclaim in the district court up here. So what I'm asking is when he filed the adversary proceeding in the bankruptcy court in the Southern District of Florida, roughly when was that? I can give you the specific date. But the only answer I can give the panel, okay, is that they're two separate matters, okay. I don't know what happened in the other matter. We were not part of it, whether there was a defense raised or not as to whether it was right, whether it should have been brought at that time. But I do know that in taking a look, number one, at the Pennsylvania law for the statute of limitations, okay, the cause of action had not yet accrued. One last question for you, sir, if I might. The final point that your colleague, Mr. Lowe, was making is that we're just as well situated to look at this statute of limitations question as the district court. Do you agree or disagree with that? I don't think so because everything that I've gone through, once again, as appellate counsel indicates that the record does not have the information to sustain an answer to the question as to when damage was sustained and when the cause of action arose. And since in the underlying case this was a 12 v. 6 motion, I don't believe it's appropriate for this panel at this time to make that decision. I think that's a decision, if appropriate, that has to be considered by the trial division. Thank you. Thank you very much. Thank you. Thank you, both counsel. And we'll take the matter under advisement.